FILED

JAN 2 6 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRIAN FEIL, | ) | |
| | ) | Civil No. 07-832-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OREGON, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Brian Feil
858 E. Harbor St. #4
Warrenton, Oregon  97146

    Petitioner Pro Se

John Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Brian Feil brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges convictions for Sexual Abuse and Rape. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On July 28, 2000, the Clatsop County Grand Jury returned an indictment charging Feil with one count of Rape in the First Degree, two counts of Sexual Abuse in the First Degree, and one count of Rape in the Second Degree. Respondent's Exhibit 102. In a bench trial, the court found Feil guilty on one count of Sexual Abuse in the First Degree and one count of Rape in the Second Degree. He was acquitted on the remaining charges. Respondent's Exhibit 101, p. 3. The court imposed concurrent 75-month sentences on each guilty count as well as a 45 month term of post-prison supervision. Id.[1]

Feil directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Feil, 190 Or. App.

---

[1]Although Feil was not incarcerated at the time he filed his Petition, since he was subject to post-prison supervision he was "in custody" for purposes of 28 U.S.C. § 2254(a). Accordingly, this court has jurisdiction to review his Petition.

2 - FINDINGS AND RECOMMENDATION

398, 79 P.3d 917 (2003), <u>rev. denied</u>, 336 Or. 376, 84 P.3d 1080 (2004); Respondent's Exhibits 103-107.

Feil next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. <u>Feil v. Gower</u>, Umatilla County Circuit Court Case No. CV04-0681. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without a written opinion, and the Oregon Supreme Court denied review. <u>Feil v. Gower</u>, 211 Or. App. 250, 154 P.3d 786 (2007), <u>rev. denied</u>, 342 Or. 644, 158 P.3d 507 (2007); Respondent's Exhibits 122-126.

On June 5, 2007, Feil filed this action. His grounds for relief can be summarized as follows:

1.   Ground One: Feil's conviction was obtained in violation of his right to a fair trial under the Eleventh and Fourteenth Amendments because he was unable to present exculpatory evidence through his expert witness (a psychologist).

     Supporting Facts: The trial court erred in finding Feil violated the discovery rules and in ordering exclusion of his expert witness as a sanction. Defense counsel provided the State with all of the information in his possession regarding the expert's testimony within a reasonable time after receiving this information (ORS 135.835). Regardless, even assuming Feil violated a discovery rule, the court abused its discretion when it excluded the defense witness.

2.   Ground Two: Feil's conviction was based on an unlawful arrest and statements taken in violation of Feil's rights under the Fourth and Fifth Amendments.

     Supporting Facts: Defense counsel should have gotten Feil's statements to police suppressed because they were taken without Miranda warnings. The fact that the audio tape was erased in the beginning proves this point.

3 - FINDINGS AND RECOMMENDATION

3.   Ground Three:  Feil was denied effective assistance of
     trial counsel.

     Supporting Facts:  Counsel failed to prepare the case,
     submit papers for witnesses, present important DNA
     evidence, explain waiver of Feil's right to a jury trial,
     subpoena witnesses, argue evidence at trial, object, and
     adequately investigate the case.

     Counsel also failed to bring up DNA at trial.  This would
     have made an enormous verdict difference.  There was no
     DNA match and no physical evidence.  This would have
     proved Feil's point.

4.   Ground Four:  Feil's right to a fair trial was violated
     because his waiver of his right to a jury trial was not
     knowingly, voluntarily, or intelligently made.

     Supporting Facts:  Feil thought he was signing a paper
     that would recuse certain jurors--not all of them.
     He wanted a jury trial because he felt that with the
     evidence at hand and his testimony the jury would side
     with him.  He did not want his fate in the hands of one
     person.  Counsel constantly wanted him to waive his right
     to a jury trial and Feil did not.  Finally, counsel told
     him the paper he was signing would be to waive certain
     jurors.

5.   Ground Five:    The  District  Attorney  committed
     prosecutorial misconduct and violated Feil's due process
     rights when he denied Feil of his right to present a
     defense.

     Supporting Facts:  Even though the District Attorney was
     aware of and had the phone numbers of the psychologist
     Feil wanted to call at trial, he stated at trial that he
     had never heard of this doctor or received paperwork
     relating to the doctor's testimony.

6.   Ground Six:  Denial of DNA evidence at appeal level
     violated Feil's right to a fair trial.

     Supporting Facts:  DNA that could have been offered at
     trial would have affected the judgment of Feil's case,
     especially in a jury trial, but in a bench trial as well.
     Pursuant to the Rule of Law, the PCR trial court should
     have granted Feil a new trial because as supported by the
     DNA evidence, the lack of physical evidence on the

4 - FINDINGS AND RECOMMENDATION

victim, etc., coupled with the denial of the psychologist is devastating.

Respondent asks the court to deny relief on the Petition because:  (1) Feil has procedurally defaulted all of his claims except for the subpart of Ground Three alleging trial counsel was ineffective for failing to present important DNA evidence at trial; and (2) this subpart was correctly denied on the merits in a state court decision entitled to deference.[2]

## DISCUSSION

I.  **Exhaustion and Procedural Default**

A.  **Standards**.

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed

---

[2]Feil asserts trial counsel should have introduced at trial the results of DNA testing conducted on bed sheets taken from the bed where the victim indicated the abuse occurred.

to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

B.  **Analysis**

The court first considers whether Feil exhausted the claim set forth in Ground One of his Petition (claim alleging the trial court violated Feil's Eleventh and Fourteenth Amendment rights when it found he committed a discovery violation and that the court abused its discretion when it excluded testimony from Feil's psychologist as a sanction).  Feil raised a nearly identical claim on direct appeal to the Oregon Court of Appeals: "[t]he trial court erred in

finding a discovery violation and in ordering exclusion of the testimony of defendant's expert witness as a sanction." Respondent's Exhibit #103, p. 2. This was the only claim Feil raised on direct appeal.

The court has carefully reviewed the briefing related to Feil's direct appellate claim and notes that the arguments for and against relief were based exclusively on Oregon's discovery statute, Oregon case law, and briefly, the Oregon Constitution. Respondent's Exhibits #103 & #104. Feil did not once mention or refer to the United States Constitution or federal law. In the Ninth Circuit, a petitioner has not fairly presented his federal claim to a state court unless he "specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). The federal claim must be apparent from the appellate briefs or similar papers. Baldwin v. Reese, 541 U.S. 27, 32 (2004). Accordingly, respondent's contention that Ground One is procedurally defaulted is well taken. Feil never challenged the trial court's finding of a discovery violation or its exclusion of expert testimony on federal constitutional or statutory grounds in the Oregon courts.

With regard to the remaining claims (Grounds Two, most of Three, Four, Five and Six) the court notes that in addition to the one claim raised on direct appeal, Feil raised one claim on appeal

from the PCR court's denial of relief:  he alleged that trial counsel rendered ineffective assistance of counsel when he failed to introduce results of DNA testing at trial (subpart to Ground Three which respondent concedes was fairly presented to the Oregon Supreme Court).  Respondent's Exhibits #103 & #122.  In response to the State's contention that most of his claims are procedurally defaulted, Feil argues that at every stage his hands were tied by certain unspecified state evidentiary and procedural rules.  Petitioner's Reply (#30), pp. 1-2.  It is apparent from Feil's Reply that he mistakenly believes that the Oregon courts cannot address claims alleging violations of the United States Constitution or federal law.  Id. at 2-3.  As discussed above, however, fair presentation of these federal claims is precisely what is required prior to a petitioner pursuing relief in the federal courts.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement reflects, among other values, the federal government's interest in giving state courts the opportunity to correct their own mistakes.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Feil also argues that should this court determine that he failed to fairly present his claims to the Oregon courts, he is still entitled to relief because such finding would support his Ground Three ineffective assistance of counsel claim and would prove his direct appellate attorney and post-conviction attorney erred.  Petitioner's Reply (#30), pp. 2-3.  The court disagrees.

8 - FINDINGS AND RECOMMENDATION

Feil is required to exhaust all claims prior to federal review, including claims of ineffective assistance of trial and direct appellate counsel. Moreover, since the constitutionally protected right to counsel does not extend to post-conviction proceedings, Feil is not entitled to habeas relief based on any failure of his PCR trial or appellate counsel to raise certain claims on appeal. See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991). Accordingly, the claims set forth in Grounds One, Two, most of Three, Four, Five and Six are procedurally defaulted. Petitioner does not attempt to excuse his default by proving cause or prejudice, or making a colorable showing of actual innocence.

II.   **Merits**

    A.   **Standard of Review**

    An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is

10 - FINDINGS AND RECOMMENDATION

whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

B. **Analysis**

In Ground Three Feil contends his trial counsel rendered ineffective assistance when he failed to present the results of DNA testing at trial. Feil argues he was prejudiced by counsel's failure to present these results since there was no physical evidence and no DNA match. Petition (#2), p. 6. He asserts that as a result the DNA evidence would have made an enormous difference in the verdict. Id. The court disagrees.

Though Feil contends there was no physical evidence, the trial court specifically noted that this was not a case in which it was the child's word against the defendant's with no physical evidence to corroborate any of the testimony. Transcript, Volume IV, pp. 644-45. Instead the judge found that "in this case there's credible evidence and I think substantial medical evidence that indicates [the victim] had sexual intercourse." Id. The judge also made detailed, on the record, credibility findings regarding the victim and Feil's versions of events. Id. at 647-49.

///

///

11 - FINDINGS AND RECOMMENDATION

During PCR proceedings, Feil's trial counsel submitted an affidavit to the PCR trial court attesting as follows:

> *Re: alleged failure to capitalize on DNA evidence (or lack thereof).* As I recall I questioned the officers about why they had failed to seize the bed sheets as evidence. I had a DNA test run on a sheet from the bed, but the test result was inconclusive. The problem was that the sheet had been washed at least once between the alleged incident and the test. It wasn't a piece of evidence that the police had taken and we'd had tested. The bottom line was that the inconclusive DNA test was of absolutely no value to us. If the test result had been of value, I would have brought it up.

Respondent's Exhibit 119, p. 3. I note that at his PCR hearing, Feil disputed counsel's assertion that the sheet had been washed. Respondent's Exhibit 120, p. 18.

In considering <u>Strickland</u>'s prejudice prong, I presume that had counsel introduced the inconclusive DNA evidence at trial, the State would have made the very arguments it makes here; namely, that the test results had no probative value because: (1) the sheets had been washed; and (2) there was no evidence that the victim bled on the sheets. Response to Petition (#25), pp. 8-9. For this reason, as I consider the totality of the evidence that was before the fact finder, I am unable to conclude that there is a reasonable probability that had counsel presented the DNA evidence the result of the proceeding would have been different. Accordingly, Feil cannot demonstrate that the PCR court's determination that trial counsel did not render ineffective assistance was contrary to, or involved an unreasonable application

12 - FINDINGS AND RECOMMENDATION

of, clearly established Federal law, as determined by the Supreme Court.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due February 9, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of

13 - FINDINGS AND RECOMMENDATION

appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 26th day of January, 2009.

Paul Papak
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION